IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES GARLAND FINNEYFROCK  *

Petitioner  *

v  *  Civil Action No. JFM-15-3873

WARDEN RICHARD J. GRAHAM, JR., et al. *

Respondents  *

\*\*\*

## MEMORANDUM

In response to this court's order to show cause why the relief sought should not be granted, respondents assert that the above-entitled petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 should be dismissed because it is untimely and contains both exhausted and unexhausted claims. ECF 4. Petitioner filed a response in opposition. ECF 6. No hearing is necessary to resolve the matters pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons stated below, the petition must be dismissed and a certificate of appealability declined.

### Background

On March 30, 1995, petitioner was convicted by a jury in the Circuit Court for Baltimore County, Maryland on two counts of first degree murder. ECF 4 at Ex. 1 and 2. He was sentenced to serve two concurrent life sentences without the possibility of parole. *Id.* Petitioner appealed his conviction to the Court of Special Appeals of Maryland where it was affirmed by unreported opinion dated February 14, 1996. ECF 4 at Ex. 2. The mandate was issued on March 15, 1996, and petitioner did not seek certiorari review in the Court of Appeals. *Id.*

On March 26, 1997, petitioner filed a petition for post-conviction relief in the Circuit Court for Baltimore County. ECF 4 at Ex. 1. On June 2, 2004, the post-conviction petition was withdrawn on petitioner's motion. *Id.* at Ex. 3. Petitioner filed another post-conviction petition on December 29, 2004, which was denied after a January 7, 2016 hearing by order dated February 1, 2016.[1] *Id.* at p. 18. At the time of respondents' answer, petitioner had not yet filed an application for leave to appeal the denial of post-conviction relief.

The petition before this court raises the following claims regarding an alleged ineffective assistance of counsel:

1. Trial counsel failed to conduct pre-trial investigations; failed to subpoena witnesses; and failed to offer rebuttal evidence, including petitioner's testimony, during a suppression hearing;

2. Trial counsel failed to request a mistrial after the prosecution played a prejudicial audio recording before opening statement which had been ruled inadmissible by the trial court; and, after being informed a juror communicated she was in fear for her and her family's safety, failed to voir dire juror and seek a mistrial;

3. Counsel failed to object to the jury instruction on reasonable doubt; failed to request an instruction on the duty to deliberate; failed to argue a motion for new trial; and failed to seek sentence review; and

4. Appellate counsel failed to raise ground that trial court violated Maryland Rule 4-326.

ECF 1 at p. 6.

The instant petition for writ of habeas corpus was filed on December 18, 2015, before petitioner's post-conviction hearing. Because post-conviction proceedings were not yet concluded, he requested a stay and abeyance while his claims were pending before the Maryland courts on the basis that the lengthy delay in considering his claims on post-conviction were not attributable to him. *Id.*

---

[1] There is no explanation offered as to why the petition for post-conviction relief remained pending for 12 years.

2

Petitioner asserts both in his petition and his reply that the time limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not apply to his conviction because he was convicted prior to its passage on April 25, 1996. ECF 1 at p. 6 and ECF 6 at pp. 1 – 2. For purposes of this court's analysis, petitioner's conviction was final on March 30, 1996, or fifteen days after the Court of Special Appeals affirmed his conviction and the time for seeking certiorari review from the Court of Appeals expired. *See* Maryland Rule 8-302.

## Analysis

Among the changes made by AEDPA was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court. Although the statute is silent as to how it should be applied to persons such as petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one year limitation begins to run

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

For persons who were convicted of an offense prior to the passage of AEDPA, such as petitioner, the one-year filing period began to run on the date AEDPA was passed, April 24, 1996. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998) (grace period of one year for habeas petitioners whose convictions became final prior to April 24, 1996); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (holding that April 24, 1997 is the final day of one-year limitations period, where the operative date for calculating the limitations period is April 24, 1996).

As noted, while properly filed post-conviction proceedings are pending the limitations period is tolled. When petitioner filed his first post-conviction petition on March 26, 1997, the one-year period for seeking federal habeas relief was tolled, but petitioner only had approximately one month (29 days) remaining on the limitations period. This meant that as soon as there was no longer a post-conviction proceeding pending, petitioner had 29 days to file a federal habeas corpus petition. When petitioner withdrew his post-conviction petition on June 2, 2004, the one-year limitation period began to run again, and expired on July 1, 2004. Petitioner did not file another post-conviction petition until December 29, 2004, approximately six months after the one year limitation period had expired. The delays in processing petitioner's state post-conviction proceedings had no impact on the limitation period for seeking federal habeas relief. Thus, the petition is time-barred and neither the merits of the claims raised, nor the issue regarding exhaustion or stay and abeyance, may be reached by this court.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

4

a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). This court finds that petitioner cannot satisfy this standard and declines to issue a certificate of appealability.

    A separate order follows.

_April 5, 2016_
Date

_/s/ JFM_
J. Frederick Motz
United States District Judge